UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURT F. HANSFORD,<br><br>    Petitioner,<br><br>    v.<br><br>ALICE PAYNE,<br><br>    Respondent. | CASE NO.: C06-1846-JLR<br><br>SUPPLEMENTAL REPORT<br>AND RECOMMENDATION |

## INTRODUCTION

Petitioner Curt Hansford is a Washington state prisoner who is currently serving a 281-month sentence for attempted murder in the second degree and related charges. On April 7, 2006, the undersigned United States Magistrate Judge issued a Report & Recommendation ("R&R") which is currently pending before United States District Judge James L. Robart. (Doc. #16). After receiving an extension of time, petitioner filed, through a non-attorney named Tarea Lujan, objections to the R&R. (Doc. #20). Respondent has filed a response to the objections. (Doc. #21). Because the objections appeared to raise a new argument which had not been previously addressed by the court, Judge Robart referred the matter to the undersigned for a supplemental

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -1

Report and Recommendation. (Doc. #22). Having reviewed the additional pleadings, and the balance of the record, the court recommends again that the petition be denied with prejudice.

## BACKGROUND

The facts of this case were summarized in the original R&R and will not be repeated here.

## DISCUSSION

As an initial matter, the court notes that petitioner's objections were filed by a non-attorney, Tarea Lujan. In his habeas petition, petitioner asserts that Ms. Lujan "has an irrevocable attorney-in-fact filed in Snohomish County Court." (Doc. #3 at 14). Apparently, petitioner views this as the basis for Ms. Lujan filing objections on his behalf. Habeas petitioners, however, are no different than other litigants, who are not permitted to be represented by non-lawyers. In a lengthy analysis of this issue, the Ninth Circuit considered whether the right to self-representation set forth in *Faretta v. California*, 422 U.S. 806 (1975), implied a corollary right to choose a non-lawyer as counsel. *See United States v. Kelley*, 539 F.2d 1199 (9th Cir. 1976). The Ninth Circuit concluded that allowing non-lawyers to represent others "is at odds with the whole tenor of the *Faretta* opinion and runs counter to the competing institutional interest in seeing that justice is administered fairly and efficiently with the assistance of competent lawyers." *Id.* at 1202. *See also Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997) (holding that a non-attorney may appear *pro se* on his or her own behalf, but has no authority to appear as an attorney for someone else). Thus, it appears that Ms. Lujan had no authority to file the objections and they should be stricken.

Notwithstanding this conclusion, however, it may be in the interest of judicial economy to address the objections. If the objections were stricken, petitioner could move for an extension of

time to resubmit them under his own name, and depending on whether the court would grant such an extension, the objections could come before the court again. Rather than potentially delay resolution of this matter, the court will proceed to address the objections filed by the non-attorney, Ms. Lujan.[1]

<u>Petitioner's First Objection: Evidentiary Hearing</u>

In his first objection, petitioner argues that he was entitled to an evidentiary hearing on several of his claims regarding ineffective assistance of counsel. At the outset, the court notes that petitioner's list of those claims in his objections does not match his habeas petition. (*Compare* Doc. #20 at 3 with Doc. #3 at 69). The court will not address whether petitioner was entitled to an evidentiary hearing on claims which were not presented in his habeas petition.  *Cf. United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986) (holding that claims raised for the first time in a reply brief will not be considered). Rather, the court will address only the following three claims which were presented in the habeas petition and were the subject of the court's first R&R:

> [A.] [Counsel] knowingly failed to present the lawful and written mandated maxim he was told to present i.e., the State must face that they have made a mistake. See PRP in court files.
>
> [B.] The newspaper articles were not a product of careful preparation; [they] introduced prejudicial and extraneous evidence not supported by the record, and mirrored the indictment.
>
> [C.] Entered legally erroneous jury instructions.

(Doc. #3 at 7-8).

In habeas cases, an evidentiary hearing is required only if (1) the petitioner has alleged facts

---

[1] In addition, the court notes that respondent, in her response to petitioner's objections, does not argue that Ms. Lujan lacks authority to file pleadings on petitioner's behalf.

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -3

that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts in the state court. *See Williams v. Woodford,* 384 F.3d 567, 586 (9th Cir. 2004). Petitioner fails to meet the first of these two prongs, and the court need not address the second prong. As the court noted in its R&R, the first claim ("A" above) is too vague to present even a colorable claim for relief. The second claim ("B" above) questions counsel's decision to permit jurors to read two newspaper articles. This decision by counsel was a strategic one which must be accorded deference by a reviewing court. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). As the court noted in the R&R, petitioner fails to show that counsel's strategy regarding the newspaper articles fell outside "the wide range of reasonable professional assistance." *Id.* The third claim ("C" above) challenged counsel's acquiescence in erroneous jury instructions regarding the four options for convicting petitioner. As noted, it appears that petitioner suffered no prejudice as a result of this error, and in fact, benefitted from counsel's overall strategy regarding the jury instructions. (Doc. #16 at 12). Accordingly, because petitioner has not alleged facts that, if proven, would entitle him to habeas relief, he is not entitled to an evidentiary hearing on these claims, and his first objection is without merit.

<u>Petitioner's Second Objection: Jury Misconduct Claim</u>

Petitioner's second objection pertains to his argument that the jury engaged in misconduct by considering evidence that was not introduced at trial. (Doc. #20 at 6). Although unclear, it appears that petitioner is referring to the content of the newspaper articles which his attorney permitted – indeed, requested – the jury to consider. Respondent argues that this issue is new and therefore may not be raised for the first time in the objections. (Doc. #21 at 4-5). However, the court need not decide whether the issue is new, because even if it were properly before the court,

the issue lacks merit.

First, as noted above, petitioner's counsel introduced the newspaper articles and therefore it cannot be said that they were not introduced at trial. Second, even if they were somehow construed to be improperly considered by the jury, it is unlikely that such an error had a "substantial and injurious effect or influence" in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). After all, petitioner was convicted after the jury heard damaging testimony from at least one eyewitness (the victim) and also from petitioner's sister. *See State of Washington v. Hansford*, Unpublished opinion, 114 Wash. App. 1046 (2002), 2002 WL 31689407 (Doc. #12, Ex. 2). This testimony likely had a far greater impact on the jury than the newspaper articles, which described petitioner's criminal history and identified him as a suspect in the shooting then under investigation. (Doc. #20 at 8). Accordingly, petitioner's second objection is without merit.

<u>Petitioner's Third Objection: Certificate of Appealability</u>

The heading for petitioner's final objection states that "*if* this court adopts the Magistrate's Report and Recommendation, Mr. Hansford is nonetheless entitled to a certificate of appealability." (Doc. #20 at 12) (emphasis added; upper case letters changed to lower case). Because the district court has not yet acted on the pending R&R, petitioner's request for a certificate of appealability is premature. *See* Fed. R. App. P. 22(b). Accordingly, petitioner's request should be denied without prejudice to its renewal if the court adopts the R&R and denies the petition.

/ / /

/ / /

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -5

## CONCLUSION

For the foregoing reasons, petitioner's objections to the R&R are meritless and do not alter this court's previous conclusion that his petition for a writ of habeas corpus should be denied with prejudice. A proposed Order is attached.[2]

DATED this <u>3rd</u> day of July, 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

---

[2] This proposed Order supercedes the Order previously submitted with the first R&R.

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -6