UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CURT HANSFORD,

           Petitioner,

   v.

ALICE PAYNE,

           Respondent.

CASE NO. C05-1846JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Petitioner Curt Hansford's Motion for Certificate of Appealability ("Motion") under 28 U.S.C. § 2253(c) (Dkt. # 31). Mr. Hansford seeks to appeal the court's August 14, 2006 Order denying his *pro se* 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Dkt. # 28). For the reasons stated below, the court DENIES the Motion.

## II.  BACKGROUND

Mr. Hansford is a Washington State prisoner currently serving a 281-month sentence. In 2002, a jury found Mr. Hansford guilty of attempted murder in the second degree and unlawful possession of a firearm in the second degree. On November 8, 2005, Mr. Hansford filed a Petition for Writ of Habeas Corpus ("Habeas Petition") (Dkt.

ORDER – 1

# 3).  The court dismissed Mr. Hansford's claims with prejudice by adopting Magistrate Judge Theiler's First Report and Recommendations ("R&R") (Dkt. #16) and Supplemental R&R (Dkt. # 27).  Mr. Hansford now seeks a certificate of appealability to appeal the dismissal of his Habeas Claim.

### III.    ANALYSIS

#### A.    Petitioner Must Present a Reasonably Debatable Issue to Obtain a Certificate of Appealability

Among the substantial changes to federal habeas corpus procedure in the Antiterrorism and Effective Death Penalty Act of 1996 is a rule that a habeas petitioner can appeal the denial of a 28 U.S.C. § 2254 petition only after obtaining a "certificate of appealability."  28 U.S.C. § 2253(c).  Although the statute is ambiguous, the Ninth Circuit has held that a United States District Court may issue a certificate of appealability.  United States v. Asrar, 116 F.3d 1268, 1269 (9th Cir. 1997).  A court may do so only if the "applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has elaborated on this standard to require a petitioner to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).  The decision to issue a certificate of appealability turns not on the court's assessment of the applicant's chances for success on appeal, but on whether the appeal raises material and debatable questions.  Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) (explaining that courts must focus on "the debatability of the underlying constitutional claim, not the resolution of that debate").

ORDER – 2

**B.   Petitioner Does Not Present a Debatable Constitutional Violation.**

The court's dismissal of Mr. Hansford's Habeas Petition does not warrant a certificate of appealability because Mr. Hansford fails to make a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

Mr. Hansford requests that the court certify the following questions for appeal:

1. Whether defense counsel was ineffective in failing to insure that jury misconduct could not result from counsel's failure to provide candid services?

2. Whether counsel failed to provide proper jury instructions?

3. Whether counsel was not candid to Hansford's jury, and provided false and misleading information to that jury in which to base their verdict?

4. Whether counsel introduced a witness not on the witness list: Scott North or Michel Magee?

5. Jury misconduct.

Mot. at 3.

As an initial matter, Mr. Hansford raises new factual contentions here that he did not include in his Habeas Petition.  Compare Habeas Pet. at 5-11 with Mot. at 3.  For the first time before the court, Mr. Hansford contends that counsel introduced a witness not on the witness list.  See Mot. at 3.  On a motion for certificate for appealability, Mr. Hansford may seek review of the court's order denying his Habeas Petition; he may not inject his Habeas Petition with new factual contentions.  See generally, 28 U.S.C. § 2253.[1]  The court considers two allegations presented in Mr. Hansford's Motion that appeared in his Habeas Petition: ineffective assistance of counsel and jury misconduct.

The court has reviewed the record in this matter, and finds that the Motion fails to present legal questions over which "reasonable jurists could debate."  The court incorporates by reference its prior rulings and the recommendations of Judge Theiler.

---

[1] Even if the court considered Mr. Hansford's argument concerning witnesses Scott North and Michel Magee, the contention is too vague to raise a colorable claim for relief.

ORDER – 3

As to ineffective assistance of counsel, Mr. Hansford fails to present a debatable claim under the two-prong test announced in Strickland v. Washington, 466 U.S. 668, 687-90 (1984). First, Mr. Hansford's allegations are inadequate to raise a debatable question that his counsel's performance fell below an "objective standard of reasonableness" under "prevailing professional norms." Id. at 687-88. In his Motion, Mr. Hansford argues that counsel failed to provide candid services. Mot. at 3. Mr. Hansford has not supplied the court with any concrete example of this failure on the part of counsel. The jury instructions Mr. Hansford complains of gave the jury four options for conviction: first degree attempted murder, second degree attempted murder, first degree assault, and second degree assault. R&R at 12. Mr. Hansford correctly argues that first degree and second degree assault are not lesser included offenses of first degree attempted murder. Id. Nevertheless, counsel reasonably sought to avoid giving the jury a single choice between first degree attempted murder and acquittal. Id. Mr. Hansford's allegation of false and misleading information seemingly refers to the newspaper articles his counsel introduced into evidence as trial. As observed in the court's R&R, the strategy undertaken by trial counsel falls within the "range of reasonable professional assistance." See Id. at 689; R&R at 12. Given the course of Mr. Hansford's trial, the court finds that reasonable jurists could not debate the professional adequacy of counsel's performance under the deferential Strickland standard.

More significantly, Mr. Hansford's claims do not a present a material question as to the second prong of Strickland, resulting prejudice–i.e. that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As observed in the R&R, the jury instructions Mr. Hansford complains of appear to have paid off; the jury convicted petitioner of second degree, instead of first degree, attempted murder. R&R at 12. Mr. Hansford fails

ORDER – 4

to present a debatable question that prejudice resulted from this, or any aspect, of his counsel's performance.

Finally, Mr. Hansford's argument that jury misconduct infected his trial is without merit.[2]

## IV.  CONCLUSION

For the foregoing reasons, the court DENIES Petitioner's Motion for Certificate of Appealability (Dkt. # 31).

DATED this 29th day of September, 2006.

JAMES L. ROBART
United States District Judge

---

[2] Mr. Hansford improperly raised this contention for the first time in his Objections to the R&R (Dkt. # 24). His Habeas Petition did not include a jury misconduct claim. The court nevertheless addressed and disposed of it in its Supplemental R&R. See Supplemental R&R at 4-5.

ORDER – 5